**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KEVIN STRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 20 C 5248 |
| ) | |
| P.O. REYES, Individually; P.O. ESPARZA, ) | Judge Charles P. Kocoras |
| Individually; P.O. KEITH #6105, ) | |
| Individually; P.O. NICHOLS, Individually; ) | |
| COUNTY OF COOK; and SHERIFF ) | |
| THOMAS DART, Officially, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is Defendant Sheriff Thomas J. Dart's ("Dart") Motion to Dismiss Counts III and IV of Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Motion to Dismiss is granted.

**STATEMENT**

This Order presumes familiarity with the factual background of this matter because this case has already been the subject of a lengthy, prior Order. *See* Dkt. # 26. In that Order, the Court dismissed Counts I, IV, and V of Plaintiff's First Amended Complaint, but allowed Plaintiff the opportunity to submit a second amended complaint concerning Counts IV (*Monell*) and V (indemnification).

In Count III of the Second Amended Complaint, Plaintiff raises a *Monell* claim against Dart. Plaintiff alleges Dart is the final policymaker responsible for the Cook County Department of Corrections ("CCDOC"), and asserts Dart is responsible for maintaining the electronic monitoring system, determining what constitutes violations, establishing procedures for the program, and ensuring participant compliance by sheriffs' visits. Plaintiff alleges Dart and the Cook County Sheriffs—including the Defendant Officers—engage in the practice of "reincarcerating pretrial detainees without substantial bases." Specifically, Plaintiff claims Defendants routinely ignore or fail to check whether electronic monitoring participants have court-issued, work orders. Plaintiff further alleges Dart has been sued on at least two separate occasions for reincarcerating pretrial detainees for allegedly "violating electronic monitoring conditions" despite evidence that disproved the detainees actually violated the program's requirements. Plaintiff asserts Dart knew or should have known Plaintiff was incarcerated for 10 months following the Defendant Officers' purported false allegations against Plaintiff and, despite this knowledge, Dart continued allowing the Sheriff's Department to reincarcerate detainees on electronic monitoring without attempting remedial solutions, such as checking and confirming detainees' court-approved movement schedules.

Plaintiff also points to five other lawsuits in which Dart and/or the Cook County Sheriff's Department has been sued for the policy or practice of over-detaining individuals after their court-order release. According to Plaintiff, Dart has made it a

2

custom in his Sheriff's Department to "willingly ignore, disregard, and defy court orders providing for the re-release of pretrial detainees on electronic monitoring or release detainees entirely from custody." Dart allegedly maintains policies or practices of holding individuals in custody after the program violation allegations are found to be erroneous, and purportedly knows that multiple pretrial detainees have been reincarcerated based on malfunctioning equipment, falsely-produced movement alerts, and unfounded curfew violations.

Dart moves to dismiss Plaintiff's *Monell* claim under Rule 12(b)(6), arguing Count III contains legal conclusions, speculation, and conjecture. Dart further contends the allegations in Count III do not amount to a widespread practice or policy, and the second purported widespread practice or policy—over-detaining individuals after their court-ordered release—is not particular to Plaintiff; therefore, Plaintiff lacks standing to challenged Dart's alleged over-detention policy.

In deciding this Motion, the Court assumes the truth of Plaintiff's well-pleaded factual allegations, but not his legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The Court also considers "information that is subject to proper judicial notice." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (cleaned up). To survive a motion to dismiss, Stray's Complaint needs to set forth a claim that is "plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that is, to contain "enough facts to draw the

reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

In its prior Order, the Court concluded that while Plaintiff sufficiently described an unlawful practice or policy, Plaintiff's claim nevertheless failed because he alleged no facts that Dart knew or should have known about any flaw in the electronic monitoring system, and no facts to support his conclusion this has happened "numerous" other times. Thus, Plaintiff failed to adequately allege a widespread policy or practice.

As with the First Amended Complaint, Plaintiff alleges here in a conclusory fashion that Dart is aware that "multiple pretrial detainees have been being [sic] reincarcerated based on malfunctioning equipment, falsely produced movement alerts, and unfounded, curfew violations." The Second Amended Complaint further alleges that, despite this knowledge, Dart has continued to reincarcerate detainees on electronic monitoring without attempting remedial solutions, such as checking and confirming detainees' court-approved movement schedules. Again, Plaintiff claims this has happened in multiple instances, but alleges no *facts* stating what those incidences are.

Plaintiff points to his allegation that Dart has been sued "on at least two separate occasions for reincarcerating pretrial detainees for allegedly 'violating electronic monitoring conditions' despite evidence that disproved the detainees actually violated the program's requirements," but this hardly suffices to establish the alleged practice or

4

policy is widespread. *See Hamilton v. Oswego Cmty. Unit Sch. Dist. 308*, 2021 WL 767619, at \*11 (N.D. Ill. 2021) ("The existence of another lawsuit is not enough to state a claim that a defendant maintains a widespread practice."). A "practice is not widespread if it took place two, three, or four other times." *Id.* at \*10. Notably, in *Liska v. Dart*, 60 F. Supp. 3d 889 (N.D. Ill. 2014)—cited by Plaintiff in the Second Amended Complaint—the plaintiff's *Monell* allegations were deemed insufficient, and the case was resolved without any finding by a jury that such a policy existed. Plaintiff also cites *Arquero v. Dart*, No. 19 C 1528, but that case is still in the motion to dismiss phase.

Additionally, the Court is perplexed by Plaintiff's new allegations that Dart maintains a policy of "over-detaining individuals after their court-ordered release." Plaintiff concedes he was not personally incarcerated beyond a court ordering his release, but nevertheless claims his experience need not be identical to other incidents to adequately plead a widespread practice. Plaintiff seems to suggest that the allegations of such "over-detaining" practices lend support to his claim that Defendants "maintain a practice of carelessly, with little to no diligence, classifying participants as having violated the electronic monitoring program conditions, when those participants are in full compliance with the program's rules." The Court fails to see the connection, especially where Plaintiff himself has not been harmed by the alleged over-detaining practices complained of.

5

Overall, the Second Amended Complaint does not allege sufficient factual material to state a claim there is a widespread custom or practice within the meaning of *Monell*. Accordingly, the Motion to Dismiss Count III is granted. Count III is dismissed, but without prejudice. Plaintiff is authorized to "take discovery 'from the ground up,' which means he may still try to establish the existence of a policy or custom through discovery from the individual officers about what they personally know." *Jackson v. Vill. of Just.*, 2020 WL 1530734, at *5 (N.D. Ill. 2020). But Plaintiff "is not permitted at this point to engage in broad-based *Monell* discovery against [the Sheriff's Office] itself." *Id*. Count IV is also dismissed without prejudice as to Defendant Dart.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant Dart's Motion to Dismiss (Dkt. # 30). Counts III and IV of Plaintiff's Second Amended Complaint are dismissed without prejudice. Status is set for 9/30/2021 at 10:20 a.m. It is so ordered.

Dated: 8/24/2021

Charles P. Kocoras
United States District Judge

6